# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN W. ALLISON and DEBORAH ALLISON,<br>     Plaintiff,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>     Defendant. | CIVIL ACTION<br><br><br>NO. 17-2742 |

## MEMORANDUM OPINION

Plaintiffs John W. Allison and Deborah Allison sued their automobile insurance provider, State Farm Mutual Automobile Insurance Company ("State Farm"), for compensatory damages arising from physical injuries, loss of consortium, and the imposition of punitive damages under 42 Pa. C.S.A. § 8371, the Pennsylvania bad faith statute, in the Philadelphia County Court of Common Pleas. State Farm filed a notice to remove the action to this court upon which Plaintiffs motioned to remand it back to state court. For the reasons below Plaintiffs' motion shall be denied.

## I. BACKGROUND

On July 30th, 2016, the Allisons suffered severe and potentially permanent injuries in a car accident with an underinsured motorist who was determined to be at fault. They each settled with the underinsured motorist for an amount which they contend was less than the harm they suffered. Accordingly, they filed an insurance claim with their own insurance company, State Farm. State Farm denied the claim. Plaintiffs then filed a complaint in the Court of Common Pleas of Philadelphia asserting five claims for recovery: two for underinsured motorist benefits in excess of $50,000.00 (the policy coverage limit), two for loss of consortium, and one claim

alleging insurer bad faith and seeking the imposition of punitive damages pursuant to 42 Pa. C. S. A. § 8371.

In seeking to remove the matter to federal court pursuant to 28 U.S.C § 1441(a), State Farm asserted diversity as the basis for federal court jurisdiction. 28 U.S.C. 1332(a). Plaintiffs argue in their motion to remand, that this Court does not have diversity jurisdiction over this matter because both they and State Farm are Pennsylvania citizens and that the amount in controversy is less than section 1332(a)'s jurisdictional threshold.

## II. LEGAL STANDARD

A defendant may remove a civil action to a district court in cases where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Removal based on section 1332(a) is proper where diversity and the amount in controversy requirement in section 1332(a) is satisfied. 28 U.S.C. § 1446(c)(2). Removal statutes "are to be strictly construed against removal and all doubts should be resolved in favor of remand." *In re Briscoe*, 448 F.3d 201, 217 (3d Cir. 2006) (quoting *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992)). In this case Plaintiffs argue both that the amount in controversy requirement has not been satisfied, and that diversity does not exist, requiring remand to state court.

## III. DISCUSSION

### A. Diversity of the Parties

The party asserting federal jurisdiction in a removal case bears the burden of showing, by a

preponderance of the evidence that the case is properly before the federal court. *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007). Thus, State Farm bears the burden of proof in satisfying all elements of diversity. *McNutt v. Gen. Motors Acceptance Corp.*, 56 S.Ct. 780, 785 (1936); *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004).

Turning first to the question of the parties' respective citizenship, it is undisputed that Plaintiffs are both citizens of Pennsylvania. State Farm is a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." *Grand Union Supermarkets, Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003) (quoting 28 U.S.C. § 1332(c)). A corporation's principal place of business is its "nerve center," the location at which primary administrative decisions are made by the corporation's officers. *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192-93 (2010).

Here, State Farm's Notice of Removal avers that it is "a mutual company organized under the laws of the State of Illinois with its principal place of business in Illinois, and therefore, is a citizen of Illinois for purposes of determining diversity." Notice of Removal ECF No. 1 ¶ 4. Plaintiffs have denied this averment but have given as a reason for their denial that diversity exists by virtue of 28 U.S.C. § 1332(c)(1)(A) which provides that "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which the insured is not a party-defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen." This rationale is without merit. A direct action only exists when "the cause of action against the insurance company is of such a nature that the liability sought to be imposed could be imposed against the insured." *Brooks-McCollum v. State Farm Ins. Co.*, 321 F. App'x 205, 208 (3d Cir. 2009); *see also McGlinchey v. Hartford Acc. and Indem. Co*., 866 F.2d 651 (3d Cir. 1989) (direct action is

present specifically in circumstances where the insured party would be a defendant but the insurer has stepped in as a defendant instead). A suit between an insurer and an insured is not a direct action given that the insurer is not a "payor of a judgment based on the negligence of one of its insureds." *Myers v. State Farm Ins. Co.*, 842 F.2d 705, 707 (3d Cir. 1988). Given that this argument is unavailing, the averment remains unchallenged that State Farm is a citizen of Illinois.

### B. Amount in Controversy

For jurisdiction to be proper under section 1332(a) not only must the parties be of diverse citizenship but the amount in controversy must exceed $75,000.00. In cases of removal, courts must first look to the amount sought by the plaintiff in their original complaint to determine the amount in controversy. *Samuel-Bassett*, 357 F.3d at 398. The examination reveals that the amount sought by the Allisons exceeds the jurisdictional amount in controversy. They are each seeking in excess of $50,000 under the insurance policy (Counts 1 and 3). They are also both seeking in excess of $50,000 for loss of consortium (Counts 2 and 4). And, they are both suing for punitive damages and attorney's fees under 42 Pa. C.S.A. § 8371, Pennsylvania's bad faith statute (Count 5), which sets no cap on the amount of punitive damages that may be collected. Given the express amounts sought and that punitive damages and attorneys' fees are factored into the above jurisdictional inquiry, *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (punitives); *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997)(attorneys' fees), the amount in controversy threshold is met. *Valley v. State Farm Fire & Cas. Co.*, 504 F.2d 1, 4 (E.D. Pa. 2006) (plaintiff's motion to remand denied because plaintiff's claims asserting $31,445.65 plus punitive damages and attorney's fees, made it impossible to say that plaintiff could not recover more than threshold amount).

Thus removal is proper and Plaintiffs' motion is denied.

An appropriate order follows.

/s/Wendy Beetlestone, J.

_____
Wendy Beetlestone, J.